**ORIGINAL**

1

2

3  Name: Sean Darcy, M.D. & Dilip Dey, Ph.D.
Address:  4138 E Mendez St. Unit 208
4  Long Beach, CA 90815
Phone: (310) 351-8814
5  Fax: (562) 343-2912
Email: seandarcy@gmail.com
6  Plaintiffs in Pro Per

7



8        **UNITED STATES DISTRICT COURT**
     **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
9                               SACV12-00455 AG (MLGx)

10  THE UNITED STATES, THE STATE OF )   **Case No.:**
CALIFORNIA, [ex rel. SEAN DARCY )
11  & DILIP DEY]; COUNTY OF LOS     )   **UNLIMITED CIVIL CASE**
ANGELES, COUNTY OF ORANGE,       )
12  COUNTY OF SAN BERNARDINO,AETNA, )   **FILED UNDER SEAL**
AETNA HMO, ANTHEM BLUE CROSS,    )
13  BLUE CROSS BLUE SHIELD, UNITED  )   **COMPLAINT FOR:**
HEALTHCARE, CIGNA HEALTHCARE,    )
14  GREAT WEST HEALTHCARE, HERITAGE )   **1. VIOLATIONS OF** [31 U.S.C.
VICTOR VALLEY MED GROUP,         )   3729-3732]False Claims Act,
15  MONARCH HEALTHCARE ORANGE HTY,  )   Whistleblower Awards Provision
PROSPECT MEDICAL GROUP, SANSUM   )   (*qui tam*); [California False
16  CINIC, UFCW TRUST FUND,         )   Claims Act § 12650, et seq.];
PACIFICARE, PROSPECT HEALTHCARE  )   California Insurance Code
17  [ex rel. SEAN DARCY]; SEAN      )   Section 1871.7; American
DARCY; DILIP DEY                 )   Recovery and Reinvestment Act
18                                       of 2007 Public Law No 111-5
          **PLAINTIFFS,**              (February 7, 2009).
19                                       **2. VIOLATIONS OF** [42 U.S.C.
     vs.                              1320a-7b(b)]Anti-Kickback
20                                       Statute;  [2 CCR § 18702] Using
                                     official position to influence
21                                       a government decision;
                                     [California Business &
22  GE HEALTHCARE, ALN MEDICAL        Professions 650]
MANAGEMENT,                      **3. VIOLATIONS OF** [42 U.S.C. §
23  HEALTHDATAINSIGHTS, INC.,         1395nn] Physician Self-Referral
AESTHETIC & PLASTIC SURGERY      Law
24  INSTITUTE, UCI UNIVERSITY         **4. VIOLATIONS OF** [42 C.F.R.
PHYSICIANS & SURGEONS, US BANK,  § 482.11-.104 ] Conditions of
25  THE REGENTS OF THE UNIVERSITY     participation; [California
OF CALIFORNIA, LONG BEACH        Health and Safety (HS) Code,
26  MEMORIAL, MILLER CHILDRENS        Division 2.5, Article 2.5,
HOSPITAL LONG BEACH, KAISER      Sections 1798.162 and
27                                       1798.163]; [California Code of
                                     Regulations, Title 22, Division
28                                       9, Chapter 7]; [California Code
                                     of Regulations Title 22,

1

'2-455

1 | PERMANENTE, HOAG MEMORIAL
HOSPITAL, CHILDRENS HOSPITAL
2 | ORANGE COUNTY, MISSION
HOSPITAL, GREGORY EVANS, RUTH
3 | EVANS, GARRETT WIRTH, CHRISTINE
WIRTH, RAMAN MENON, JOHNATHAN
4 | SLONE, THOMAS SCHOLZ, BRIAN
MAILEY, KEYIAN PAYDAR, MARK
5 | KOBAYASHI, DANIEL JAFFURS, AL
ALY, MATTHEW DOLICH, MICHAEL
6 | LEKAWA, CRISTOBAL BARRIOS,
MICHAEL STAMOS, GERALD MAGUIRE,
7 | RALPH CLAYMAN, CHARLES VEGA,
TERRY BELMONT, MARC YUDOFF,
8 | MICHAEL DRAKE, PETER SCHNEIDER,
CARL SMITH, MARISTELLA,
9 | EVANGELISTA, NANCE HOVE, NICOLE
BERNAL, KHAN VAN LE-BUCKLIN,
10 | NANCY KOEHRING, DIANE GEOCARIS,
LISA HAYES SCHWARZ, MARISTELLA
11 | EVANGELISTA, ALLERGAN, MEDICIS,
STRYKER, BODYTITLE SYSTEMS,
12 | SYNTHES, JOHNSON & JOHNSON
MENTOR, BARD, KINETIC CONCEPTS,
13 | AIR EXPANDER, INTEGRA, ELI
LILY, PFIZER, NOVARTIS, MALCOLM
14 | ROTH, ROD ROHRICH, JEFFREY
KENKEL, AMERICAN SOCIETY OF
15 | PLASTIC SURGEONS, ROBERT NOONE,
AMERICAN BOARD OF PLASTIC
16 | SURGERY, and DOES 1 to 100,
Inclusive,

**DEFENDANTS.**

Article 3, Section 100259].
**5. VIOLATIONS OF** [31 U.S.C §
3730(h)]Section 6; Federal
False Claims Act Retaliation;
Patient Protection and
Affordable Care Act § 1558 of
Public Law No. 111-148 29
U.S.C. 218C; [18 U.S.C.
1513(e)] Obstruction of
Justice. Retaliation Against
Whistleblowers; [48 CFR Ch. 1;
48 CFR Subpart 3.900] Federal
Acquisition Regulations;
[California Labor Code §98.7]
[California Labor Code
1102.5(b-f)] disclosure
retaliation; Whistleblower
Protection Act 9149.20-.23;
California Whistleblower
Protection Act 8547; Cal. Gov.
Code 8548.1-.5 (whistleblower
information); Whistleblower
Protection, Health and Safety
Code Sec. 1278.5; [California
Professions Code 510]advocacy
for patients;
**6. VIOLATIONS OF** [42 U.S.C
1985(3)] Conspiracy to
interfere with civil rights.
**7. VIOLATIONS OF** [18 U.S.C.A.
1964(c)] Racketeering
Influenced AND Corrupt
Organizations Act.

**Jury Trial Demanded**

I.   **JURISDICTION**

1. Jurisdiction is conferred upon this court pursuant to Title
28 U.S.C. 1345 and 1348 with United States as plaintiff and 28
U.S.C.A. § 1331, which authorizes original jurisdiction on the

district court of all civil actions arising under the

Constitution, laws and treaties of the United States.

2. Jurisdiction is also conferred upon this court pursuant to

Title 28 U.S.C.A. § 1343(c)(4), which grants jurisdiction to the

district court of any action to recover damages or to secure

equitable or other relief under any Act of Congress providing

for the protection of civil rights.

3. Jurisdiction also exists pursuant to Title 28 U.S.C.A. §

1367(a), which authorizes jurisdiction over state law claims

that one so related to the other claims in this lawsuit that

they form part of the same case and controversy.


## II. VENUE


4. Venue is proper pursuant to Title 28 U.S.C.A. § 1391(e),

which authorizes that a civil action may be brought in a

judicial district in which a substantial part of the vents or

commissions gives rise to a civil rights claim.

## III. **PARTIES**

5.   Plaintiff and Relator SEAN DARCY, is an adult male and at all times relevant herein is a resident in the Los Angeles County, California and is an employee of THE REGENTS OF THE UNIVERSITY OF CALIFORNIA.

6.   Plaintiff and Relator DILIP DEY, is an adult male and at all times relevant herein is a resident in Los Angeles County, California and was an employee of THE REGENTS OF THE UNIVERSITY OF CALIFORNIA from June 2010 until December 2011.

7. Plaintiffs AETNA, ANTHEM BLUE CROSS, UNITED HEALTHCARE, CIGNA HEALTHCARE, GREAT WEST HEALTHCARE, HERITAGE VICTOR VALLEY MED GROUP, MONARCH HEALTHCARE ORANGE HTY, PROSPECT MEDICAL GROUP, SANSUM CINIC, UFCW TRUST FUND, PACIFICARE, PROSPECT HEALTHCARE are private insurance companies and/or health plans, form unknown, doing business in the Orange County, California.

8. Plaintiffs are informed and believe that Defendant, GE HEALTHCARE, is a Delaware corporation doing business in the Counties of Orange & Los Angeles, State of California.

9. Plaintiffs are informed and believe that Defendants, ALN MEDICAL MANAGEMENT, INC, and US BANK are Delaware corporations doing business in the County of Los Angeles, State of California.

10. Plaintiffs are informed and believe that Defendant, HEALTHCAREINSIGHTS, INC, is a Delaware corporation doing business in the County of Orange, State of California.

11. Plaintiffs are informed and believe that Defendant THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, a public entity, form unknown, doing business in the State of California, United States of America.

12. Plaintiffs are informed and believe that Defendants AESTHETIC & PLASTIC SURGERY INSTITUTE and UCI UNIVERSITY PHYSICIANS & SURGEONS, both physicians group practices, form unknown, are doing business in the Counties of Los Angeles and Orange, in the State of California.

13. Plaintiffs are informed and believe that Defendants LONG BEACH MEMORIAL, and MILLER CHILDRENS HOSPITAL, form unknown, are doing business in Long Beach, Los Angeles County in the State of California.

14. Plaintiffs are informed and believe that Defendants KAISER PERMANENTE & HOAG MEMORIAL HOSPITAL, California corporations, are doing business in the County of Orange, State of California.

15. Plaintiffs are informed and believe that Defendant CHILDRENS HOSPITAL ORANGE COUNTY, is a California Corporation doing business in Orange, in the State of California.

16. Plaintiffs are informed and believe that Defendant MISSION

HOSPITAL, a private corporation, is doing business in Orange County in the State of California.

17.  Plaintiffs are informed and believe that Defendant, GREGORY R. D. EVANS, is an adult male and at all times relevant herein was a resident in the County of Orange, State of California; an employee of Defendant REGENTS OF THE UNIVERSITY OF CALIFORNIA; an independent contractor or employee of the Long Beach Veterans Affairs Hospital; an independent contractor or employee of KAISER PERMANENTE; an independent contractor that works with multiple public and private entities including but not limited to BARD and KINETIC CONCEPTS, Inc.; and maintains a private physician's practice.

18.  Plaintiffs are informed and believe that Defendant, GARRETT WIRTH, is an adult male and at all times relevant herein was a resident in the County of Orange, State of California; an employee of Defendant REGENTS OF THE UNIVERSITY OF CALIFORNIA; an independent contractor or employee of the Long Beach Veterans Affairs Hospital; an independent contractor or employee of LONG BEACH MEMORIAL HOSPITAL; an independent contractor or employee of the Angels Baseball Organization; an independent contractor or employee of Anaheim Bolts; an independent contractor that works with multiple public and private entities; and maintains a private physicians practice.

19.  Plaintiffs are informed and believe that Defendants, RUTH

EVANS and CHRISTINE WIRTH are adult females and at all times relevant herein were residents in the County of Orange, State of California.

20.   Plaintiffs are informed and believe that Defendant, MARK KOBAYASHI, is an adult male and at all times relevant herein was a resident in the County of Orange, State of California; an employee of Defendant REGENTS OF THE UNIVERSITY OF CALIFORNIA; an independent contractor or employee of HOAG HOSPITAL & MISSION HOSPITAL; an independent contractor or employee of KAISER PERMANENTE; an independent contractor that works with multiple public and private entities; and maintains a private physicians practice.

21.   Plaintiffs are informed and believe that Defendant, AL ALY, is an adult male and at all times relevant herein was a resident in the County of Orange, State of California; an employee of Defendant REGENTS OF THE UNIVERSITY OF CALIFORNIA; an independent contractor or employee of the Long Beach Veterans Affairs Hospital; an independent contractor that works with multiple public and private entities including but not limited to BARD; and maintains a private physician's practice.

22.   Plaintiffs are informed and believe that Defendant, KEYIAN PAYDAR, is an adult male and at all times relevant herein was a resident in the County of Orange, State of California; an employee of Defendant REGENTS OF THE UNIVERSITY OF CALIFORNIA;

an independent contractor or employee of the Long Beach Veterans

Affairs Hospital; an independent contractor or employee of Los

Angeles County; an independent contractor or employee of Anaheim

Bolts; an independent contractor that works with multiple public

and private entities; and maintains a private physician's

practice.

23.   Plaintiffs are informed and believe that Defendant, DANIEL

JAFFURS, is an adult male and at all times relevant herein was a

resident in the Counties of Los Angeles & Orange, State of

California; an employee of Defendant REGENTS OF THE UNIVERSITY

OF CALIFORNIA; an independent contractor or employee of the LONG

BEACH MEMORIAL MEDICAL CENTER & MILLER CHILDRENS HOSPITAL; an

independent contractor or employee of CHILDRENS HOSPITAL ORANGE

COUNTY; an independent contractor that works with multiple

public and private entities including but not limited to

STRYKER; and maintains a private physician's practice.

24.   Plaintiffs are informed and believe that Defendants, RAMAN

MENON, JOHNATHAN SLONE, BRIAN MAILEY, MATTHEW DOLICH, MICHAEL

LEKAWA, CRISTOBAL BARRIOS, MICHAEL STAMOS, GERALD MAGUIRE, RALPH

CLAYMAN, CHARLES VEGA, TERRY BELMONT, MICHAEL DRAKE, MARC

YUDOFF, PETER SCHNEIDER, CARL SMITH, THOMAS SCHOLZ are adult

males and at all times relevant herein were residents in the

State of California and employees of Defendant REGENTS OF THE

UNIVERSITY OF CALIFORNIA.

8

25.  Plaintiffs are informed and believe that Defendants, NANCE HOVE, NICOLE BERNAL, KHAN VAN LE-BUCKLIN, NANCY KOEHRING, DIANE GEOCARIS, LISA HAYES SCHWARZ, MARISTELLA EVANGELISTA are adult females and at all times relevant herein were residents in the State of California and employees of Defendant REGENTS OF THE UNIVERSITY OF CALIFORNIA.

26.  Plaintiffs are informed and believe that Defendants, ALLERGAN, MEDICIS, STRYKER, BODYTITLE SYSTEMS, SYNTHES, JOHNSON & JOHNSON, MENTOR, BARD, KINETIC CONCEPTS, INC., AIR EXPANDER, ELI LILY, PFIZER, NOVARTIS, INTEGRA are Delaware corporations doing business in the County of Orange, State of California.

27.  Plaintiffs are informed and believe that Defendants, MALCOLM ROTH, ROD ROHRICH, JEFFREY KENKEL are members of the ethics committee and/or Board of Directors of the Defendant, AMERICAN SOCIETY OF PLASTIC SURGEONS a private entity, form unknown.

28.  Plaintiffs are informed and believe that Defendant, ROBERT NOONE, is the executive director of the Defendant, AMERICAN BOARD OF PLASTIC SURGERY, a private entity, form unknown.

29.  That the true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 100, inclusive, are unknown to Plaintiffs at this time, who therefore sues said DOE Defendants by such fictitious names, and that when the true names and capacities of said Defendants are

ascertained, Plaintiffs will amend their Complaint to show their true names and capacities.

30.   Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, each Defendant and DOES 1 through 100, inclusive, were the agents, servants and employees, co-venturers, hirelings, representatives and associates of each of the remaining co-defendants, and at all times material hereto were acting in the course and scope of such agency, service and employment, with the knowledge, consent and permission of the remaining co-defendants.

31.   Plaintiffs are further informed and believe and thereon allege that each of the Defendants is the principal, agent, employer, employee of each of the remaining Defendants and was acting in the course and scope of such relationship in doing the acts complained of herein.

# IV. **STATEMENT OF FACTS**

32. Defendants REGENTS OF THE UNIVERSITY OF CALIFORNIA, AESTHETIC & PLASTIC SURGERY INSTITUTE, UCI UNIVERSITY PHYSICIANS & SURGEONS have previously used or continue to use the billing services of Defendants ALN MEDICAL MANAGEMENT, GE HEALTHCARE (per **EXHIBIT 10B**), US BANK and HEALTHDATAINSIGHTS, INC.

33. Plaintiff SEAN DARCY raised concerns of improper governmental activities directly to his senior colleagues and/or supervisors from June 23, 2008 through present. Defendants were aware that SEAN DARCY raised concerns of improper governmental activities from June 23, 2008 through present.

34. Plaintiffs SEAN DARCY & DILIP DEY jointly raised concerns about improper governmental activities through the UCI Whistleblower System August 10, 2011.

35. Defendants, MALCOLM ROTH, ROD ROHRICH, JEFFREY KENKEL were informed of the violations herein in a confidential manner to be investigated by ASPS ethics board as per **EXHIBIT 10E-10F**.

36. Defendants, MALCOLM ROTH, ROD ROHRICH, JEFFREY KENKEL forwarded such confidential information to Defendant Gregory Evans as shown by **EXHIBIT 3G**.

37.   Plaintiffs are informed and believe that Defendant, ROBERT NOONE, was informed of the violations herein in a confidential manner to be investigated by ethics board via email attached in **EXHIBIT 10H.**

38.   Plaintiff and Relator SEAN DARCY served a confidential and/or sealed disclosure statement of substantially all material evidence and information he possessed on a continual basis to Government Agencies from January 2010 until present pursuant to Rule 4(d)(4) of the Rules of Civil Procedure after multiple complaints to supervisors and colleagues were ignored.

39. Plaintiffs and Relators SEAN DARCY & DILIP DEY jointly served a confidential and/or sealed disclosure statement of substantially all material evidence and information they possessed on a continual basis to Government Agencies from August 10, 2011 until present pursuant to Rule 4(d)(4) of the Rules of Civil Procedure after complaints to supervisors and colleagues were ignored.

40.   Plaintiffs have complied with all applicable claim statutes including service of Government Agencies under seal.  Attached hereto as **Exhibit 1A through EXIBIT 15Y** and incorporated herein by reference, is a copy of the exhibits against the Defendants.

41.   Plaintiffs have knowledge that the following claims are independent of and materially adds to the any publicly disclosed allegations or transactions.

42. Plaintiffs have voluntarily provided the information to the Government before filing an action under this section the above causes of allegations, actions and exhibits.

43. If any public disclosure has occurred without knowledge of Plaintiffs, relators SEAN DARCY & DILIP DEY have voluntarily disclosed to the Government the information on which allegations or transactions are based.

## V. **CAUSES OF ACTION**

## **FIRST CAUSE OF ACTION**

(False Claims)

(As Against Defendants GE HEALTHCARE, ALN MEDICAL MANAGEMENT, HEALTHDATAINSIGHTS, INC., AESTHETIC & PLASTIC SURGERY INSTITUTE, UCI UNIVERSITY PHYSICIANS & SURGEONS, US BANK, THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, LONG BEACH MEMORIAL, MILLER CHILDRENS HOSPITAL LONG BEACH, KAISER PERMANENTE, HOAG MEMORIAL HOSPITAL, CHILDRENS HOSPITAL ORANGE COUNTY, MISSION HOSPITAL, GREGORY EVANS, RUTH EVANS, GARRETT WIRTH, CHRISTINE WIRTH, RAMAN MENON, JOHNATHAN SLONE, THOMAS SCHOLZ, BRIAN MAILEY, KEYIAN PAYDAR,  MARK KOBAYASHI, DANIEL JAFFURS, AL ALY, MATTHEW DOLICH, MICHAEL LEKAWA, CRISTOBAL BARRIOS, MICHAEL STAMOS, GERALD MAGUIRE, RALPH CLAYMAN, CHARLES VEGA, TERRY BELMONT, MARC YUDOFF, MICHAEL DRAKE, PETER SCHNEIDER, CARL SMITH, MARISTELLA, EVANGELISTA, NANCE HOVE, NICOLE BERNAL, KHAN VAN LE-BUCKLIN, NANCY KOEHRING, DIANE GEOCARIS, LISA HAYES SCHWARZ, MARISTELLA EVANGELISTA, ALLERGAN, MEDICIS, STRYKER, BODYTITLE SYSTEMS, SYNTHES, JOHNSON & JOHNSON MENTOR, BARD, KINETIC CONCEPTS, AIR EXPANDER, INTEGRA, ELI LILY, PFIZER, NOVARTIS, MALCOLM ROTH, ROD ROHRICH, JEFFREY KENKEL, AMERICAN SOCIETY OF PLASTIC SURGEONS, ROBERT NOONE, AMERICAN BOARD OF PLASTIC SURGERY, and DOES 1 to 100, Inclusive)

44.  Plaintiffs incorporates Paragraphs 1 through 43 above and Paragraphs 106 through 150 below as though set forth in full herein.

45. Plaintiffs are informed and believe Defendants and each of them submitted false claims to the Plaintiffs, the grand total of which is estimated at **$3,930,081,776.83.** This is based upon the following: false claims for grants received from sham research data obtained by Defendants over the past six years **$1,162,000** (paragraph 55); Defendants having government and private insurance pay for Division of Trauma Anti Xa research

14

blood test as **$438,000** (paragraph 56); over the same time period Plaintiffs applied for over **$15 million** (paragraph 57) of research grants from California and Federal resources; VA cosmetic surgery / fraudulent reconstructive care **$30,627,792** (paragraph 60); VA Plastic Surgery Resident Fraud **$3,960,000** (paragraph 67); **$360,000** (paragraph 68); **$87,360,000** (paragraph 72); **$43,800,000** (paragraph 73); **$624,000,000** (paragraph 74); **$10,000** (paragraph 76); **$120,000** (paragraph 77); **$11,090,788.80** (paragraph 78); **$47,340,384** (paragraph 79); **$1,584,398.40** (paragraph 80) ; **$782,933,760** (paragraph 83) **$2,511,486** (paragraph 85); **$1,319,760** (paragraph 86); **$1,319,760** (paragraph 87); **$1,655,940** (paragraph 88); **$251,172** (paragraph 89) ; **$7,800,000** (paragraph 90) ; **$457,860,000** (paragraph 94); **$184,140,000** (paragraph 95) ; **$122,524,752** (paragraph 101) ; **$1,499,498,000** (paragraph 103) for the past 6 years due to Defendants ineligibility for reimbursement due to multiple compliance violations of Conditions of Participation and numerous failures to correct the violations ; self referrals **$1,413,783.63** (paragraph 130).

Research False Claims

46.  On August 2008 during a research meeting Defendant GREGORY EVANS coerced Plaintiff SEAN DARCY to place his name as senior author on a research publication that GREGORY EVANS did not research or write titled "MRI Characterization of Orbital Fat

Dynamics". This publication was written in collaboration with UCLA Plastic Surgeons George Rudkin and Timothy Miller.

47.   Plaintiff SEAN DARCY asked George Rudkin about placing Defendant GREGORY EVANS name on the manuscript both realizing that what Defendant asked was unethical and a false claim. George Rudkin agreed to placing GREGORY EVAN's name on the research publication knowing that it would cause significant harm to SEAN DARCY and his career if he didn't.

48.   Plaintiff SEAN DARCY submitted an abstract with Defendant GREGORY EVANS as coauthor to Southern California ACS (American College of Surgeons), AAPS (American Association of Plastic Surgeons), and CSPS (California Society of Plastic Surgeons) as well as to Plastic & Reconstructive Surgery, though Plaintiff put Defendant as a middle author because he believed George Rudkin deserved senior authorship seen in **EXHIBIT 5O & 5P.**

49.   Defendant GREGORY EVANS ordered Plaintiff SEAN DARCY to also complete a new research project involving breast reconstruction billing. Plaintiffs attach **EXHIBIT 5A-5N** showing the billing practices and patients involved.

50.   Plaintiffs attach **EXHIBIT 5M** showing the research presentation accepted at the CSPS. Upon speaking to a senior resident Chris Rhim about the research billing practices being suspicious for billing fraud, Plaintiff SEAN DARCY requested to not participate in the presentation concerned it would make him

party to the fraud. Attached is **EXHIBIT 5L** a letter by SEAN

DARCY drafted and submitted by email to request not to present

the data. Plaintiff SEAN DARCY cited his clinical overnight call

responsibilities as the reason for not participating. Defendant,

GREGORY EVANS became upset and harassed SEAN DARCY by email and

threatened SEAN DARCY would lose his job if he didn't present at

CSPS.

51.  Attached is **EXHIBIT 5Z** a receipt of lunch meeting between

Plaintiff SEAN DARCY, Michael Lin, Peter Lin, and John Park on

May 29, 2009. SEAN DARCY gathered more data regarding insurance

fraud also during meeting with colleagues and informed them of

misconduct. He also informed his colleagues of a $20,000 check

he saw from Defendant ALLERGAN to UCI Plastic Surgery. He was

advised to keep subject matter quiet due to history of

retaliation experienced by recently fired resident Richard Shih

over VA and Defendant LONG BEACH MEMORIAL resident employment

funding.

52.  In December 2009 Defendant GREGORY EVANS ordered Plaintiff

SEAN DARCY to turn breast reconstruction billing research

project into paper even after SEAN DARCY was reluctant. Attached

is **EXHIBIT 5A** the publication from plastic surgery news that

verified with billing literature research that Defendants

committed fraud.

53. Plaintiff SEAN DARCY phoned and notified FBI Agent at Los Angeles office on January 6, 2010.

54. Plaintiffs attach **EXHIBIT 6C & 6D** the disclosure of further research misconduct to the California Institute of Regenerative Medicine and the Office for the Protection of Human Research of conducting stem cell research without Institution Review Board (IRB) approval or informed consent.

55. Plaintiffs attach EXHIBIT 14I & 6C of funds received: $29,400 (ultimately from NIH), $3,000 (from student living stipend California Institute of Regenerative Medicine) and $4,000 (from two students living stipend Deans Office Grant). Plaintiffs attach documentation of Defendants research grant funding for one year from private entities as well as public in **EXHIBIT 8A** with total amount of fraud for research money disbursed $157,270. When multiplied over six years total amount of money is **$1,162,020.**

56. Plaintiffs attach **EXHIBIT 6A-6B** documenting Defendants have been conducting clinical research at the expense of Medicare, Medicaid, and private insurance. They order multiple medically unnecessary blood clotting tests daily to further their research careers. The cost of this test is approximately $100. The Defendants perform this test approximately twice daily for a total of $200/day or $73,000 annually. Total fraud of **$438,000** over six years.

57. Plaintiffs attach **EXHIBIT 8J** showing that grant money given to Defendants GREGORY EVANS and the AESTHETIC & PLASTIC SURGERY INSTITUTE can be used to increase Defendants salary.

58. Plaintiffs attach Defendants grant applications **EXHIBIT 8K & 8L** with false claims of past research with no laboratory notebooks to document the research or no biological samples to repeat the experiments. Plaintiffs are informed and believe that every year Defendant GREGORY EVANS applies with false data for an NIH grant as well as CIRM grant each valued at $1,250,000 possibly defrauding Plaintiffs $2,500,000 per year, or **$15,000,000** over six years.

Veterans Affairs False Claims

59.   From January 2005 to present, Defendants by protocol have resident physicians book cosmetic cases at the Long Beach Veterans Affairs Hospital through false claims of medical necessity. A majority of the surgeries that Defendants performed were under the pretext of medical necessity were actually cosmetic  surgeries such as face-lifts, neck-lifts, blepharoplasties, abdominoplasty, liposuction, etc.

60.   With at least six surgeries per week, and per **EXHIBIT 6O** $11,361 paid for resources associated with each surgery, there is $68,166 per week spent on surgeries alone. Plaintiffs estimate another $10,000 of resources are utilized in Laser clinic that happens weekly with at least 20 patients and $500

resources utilized per patient. Plastic surgery office visits typically cost $500 and Long Beach VA plastic surgery clinic typically has 20 patients for a total of $10,000. Plaintiffs are informed clinic is held twice a week for a total of $20,000 for clinics. Plaintiffs estimate the monetary amount of resources to be $98,166 per week spent on false claims of Defendants at the VA, or $5,104,632 per year. The total over 6 years would be **$30,627,792.**

61.  Plaintiffs have documentation of cosmetic surgery plans on veteran patients and pictures of patients Plaintiff sent to professors for these cosmetic  surgeries that had no demonstrable medical necessity. Plaintiffs attach **EXHIBIT 1C** of a VA patient B4434 who had finished the last stage of her "mommy makeover" an  abdominoplasty under the false claim of the patient having a ventral hernia or diastasis. This patient also had a breast augmentation and liposuction paid and facilitated through a VA facility.

62.  Plaintiffs attach **EXHIBIT 1D** of another VA patient who was scheduled to have a facelift and neck-lift. Plaintiffs attach **EXHIBIT 1E & 1F** for two other VA patient who had a cosmetic blepharoplasty under the pretext of visual field obstruction.

63.  Plaintiffs also have witnessed a laser clinic that patients show up to receive cosmetic laser treatments such as hair removal, skin resurfacing, noncancerous lesion treatment. The

medical justification for laser services included folliculitis, and possible precancerous or cancerous lesion.

64.   Plaintiffs attach **EXHIBIT 1B** documenting Defendants having multiple emails and meeting minutes regarding cosmetic surgeries paid through monies from the Veterans Affairs. Defendants recently are attempting to bring the cosmetic patients from the VA to UCI. Plaintiffs are informed attending compensation would be higher if the cosmetic surgeries were done at UCI.

65.   Plaintiffs attach **EXHIBIT 14B** a description of the RESEARCH Rotation in the 3rd year of UCI plastic surgery. Plaintiffs believe this rotation is paid by the VA for a (full time equivalent) FTE plastic surgery resident 4 months of the year. Plaintiffs attach **EXHIBIT 14J** a description a time sheet describing all specific hours on the VA rotation vs. other sites such as UCIMC or research. Plaintiffs attach **EXHIBIT 14E** documenting a majority of the VA funded clinical rotation was occupied on a research collaboration with University of Texas El Paso on non IRB or non IACUC(animal care committee) approved research on rats for nerve conduit studies. Defendants are also compensated for an intern FTE for the other 8 months on the Plastic Surgery Service when none is necessary due to absence of inpatient plastic surgery services and two plastic surgery residents in the clinic.

66.   Plaintiffs also attach **EXHIBIT 14C** an email in response to

21

the forced resignation of plastic surgery resident Richard Shih

when GREGORY EVANS was under investigation for not having a

plastic surgery resident at the Long Beach VA.

67.   Additionally in **EXHIBIT 14B** is the Newport Surgery rotation

where Defendant also receives 1 FTE compensation from the VA

medical center for having a 6th year plastic surgery resident.

This resident is not fully dedicated to the VA hospital and

places a priority at UCI medical center as well as Newport Beach

Outpatient Surgery Center.

68.   Plaintiffs are informed and believe as per **EXHIBITs 7A & 7B**

in the Medicare system one FTE resident receives $130,000 to

$330,000 GME reimbursement per year from the federal government

and California. Plaintiff assumes that the VA system is the

same. With this in mind the VA system can be defrauded by the

integrated plastic surgery program alone for $660,000 a year or

**$3,960,000** over six years.

69.   Plaintiffs attach **EXHIBIT 8A & 8C** documenting the program

of plastic surgery receives gifts from Allergan and Medicis for

$10,000-$50,000 annually for their "plastic surgery fellowship",

though no fellowship exists. Total fraud over 6 years **$360,000**.

Medicare, Medicaid, & Private Insurance Fraud

70.   Plaintiffs attach **EXHIBIT 1G** showing in the year 2009, at

UCIMC, Defendants, received from the Plaintiffs $267,703,000 for

Medicare and Medicaid beneficiaries.

22

71.   Plaintiffs are informed and believe there are multiple surveys stemming from 2005 beyond of Defendants REGENTS OF THE UNIVERSITY OF CALIFORNIA (UCI MEDICAL CENTER) patterns of failure in meeting Department of Human and Health Services Conditions of Participation. Plaintiffs attach **EXHIBIT 1H & 7E** disclosures of the Defendants multiple violations of Center of Medicare & Medicaid Conditions of Participation. Defendants additionally fail to adhere to quality assurance requirements in their contract with government funded programs. These multiple violations are in addition to four additional inspections where multiple violations were found regarding the Defendants.

72.   Plaintiffs attach **EXHIBIT 1I & 7D** Medicare examples of fraud and abuse by Defendants health care providers. It is upon these laws and examples that the following false claim allegations are based.

73.   The Defendants protocol for hospital evaluation and management of patients in all departments at UCI School of Medicine is for the resident or fellow to diagnose, make diagnostic decisions, and make management decisions with the attending physician rarely ever seeing, talking, or examining the patient. Plaintiff attaches **EXHIBITS 1J-3A** medical records in the Department of Surgery where resident physicians will see evaluate and manage a patient, consult on a patient, treat admit and/or discharge a patient without the attending ever seeing the

patients. The attendings will bill for these evaluations and treatments when they have never seen the patient, are at home, or see the patient at another time. Some attendings will be asleep and not return pages and the resident physician will make all of the decisions without talking to an attending. Plaintiffs estimate that the amount of unsupervised consultations and histories and physicals total 100 per day for the Department of Surgery alone, but over 200 for the whole hospital. If each consultation is billed at medicare rate of $200, that is $40,000 in fraudulent billing a day or $14,560,000 per year. Over 6 years this is **$87,360,000** of overpayment.

74.   Plaintiff attaches medical records **EXHIBIT 4A-4Q** showing attendings at UCIMC (especially division of Trauma) will bill for procedures such as central lines / arterial lines / chest tubes on patients including transplant, Medicare and Medicaid patients when the attendings aren't in the room or even in the hospital. The policy for surgery residents is to dictate every procedure done under the on call attending surgery physician. The attending then bills for these procedures. The majority of procedures will happen late in the PM or early in the AM. In the department of surgery alone the amount of procedures done per 24 hour period is twenty. Assuming each procedure costs $1,000, this is $20,000 per day, $7,300,000 a year, or **$43,800,000** over 6 years.

75.  Additionally a majority of Defendants' surgeries such as appendectomies or cholecystectomies will be done solely by residents and/or fellows without trauma attendings in the room even though the resident dictates that the attending is present. The attending will do a TIME OUT at the beginning of the procedures and then leaves the room. The number of surgeries done according to protocol is 20 / day or 100 surgeries / week. If each surgery costs $20,000 globally, this is $2,000,000 a week, $104,000,000 /year or **$624,000,000** / 6 years from all payers combined.

76.  Plaintiffs are informed and believe Defendants mandatory procedure for resident physicians after providing medical services in plastic surgery is to dictate under the on call attendings name, fill out an orange billing card with the CPT codes and E & M codes, place a copy of the written note, and print out a copy of the billing information.

77.  Plaintifffs are informed and believe Defendants GREGORY EVANS and RUTH EVANS defrauded Medicare funded resident education by approximately **$10,000** using pharmaceuticals intended for resident education for their own private gain. They fraudulently (under the pretense of resident education) asked for botulinum toxin and hyaluronic acid injectables from Medicis for a "botox party" they had at their house in Tustin. This was fraudulently organized by Defendant LISA HAYES SCHWARZ , the

clinic organizer through Tracy Gagalis of Medicis. There is a possibility that they were additionally compensated monetarily by the patients at the event. Plaintiffs attach **EXHIBIT 3S** of products that have a retail cost around $500. With approximately 20 units used, this is approximately $10,000 taken from resident education. There was not a single resident invited to assist with the injectables. Medicis injecting instructor Tracy Gagalis asked SEAN DARCY about the botox party and if SEAN DARCY heard about injection session.

78.  Defendants GARRETT WIRTH and KEYIAN PAYDAR use Juvaderm, Botox, Restylane and Dysport that is originally provided by ALLERGAN and MEDICIS for resident education, for their own private gain on their family, friends and other patients during working hours. The clinics were held with no resident present. They have also used the product on cash paying patients. With approximately 10 units used per month on family, friends and patients per month, this is $5,000 / month defrauded from Medicare, or **$120,000** over the past 2 years.

79.  Plaintiffs are informed and believe the Defendants double bills for rounding on trauma patients in the Intensive Care Units through the creation and persistence of the SICU critical care team. The attendings for these services are the same physicians. They will then double bill daily for rounding on the patient with both the SICU team and the Acute Care Surgery

(ACS)team.  According to **EXHIBIT 6M** under CPT code 99291

additional critical care rounding is billed at $253.91. The

daily census of patients for the SICU attending is 20 giving

Trauma an additional $5078.20 / daily, $35,547 / weekly, or

$1,848,464.80 annually. Total fraud for six years is

**$11,090,788.80.**

80.  Plaintiffs are informed and believe Defendants in the

division of Trauma spend 5 – 10 minutes per patient rounding but

bill for higher amounts of critical care time since the

residents have already written the notes, gathered data

evaluated and talked with the patients. Plaintiffs believe

Trauma attending physicians use the critical care CPT code 99291

for rounding ($253.91) instead of CPT code 99231 ($37.15) for

subsequent hospital care. Total difference for rounding is

$216.76 per patient. With an average ACS rounding census of 100

this is $21,676 fraudulent billing daily, $151,732 weekly

$7,890,064 annually. Total fraud for six years is **$47,340,384.**

81.  Plaintiffs are informed and believe Defendants on

Wednesdays also bill for SICU interdisciplinary rounds, making

it three total billings for rounding on the same patient.

Plaintiffs attach **EXHIBIT 3P** documenting MATTHEW DOLICH'S

admission that interdisciplinary rounds are conducted by

residents or fellows with attendings not even present in the

hospital. This happens on a census of 20 patients weekly for

$5078.20 or $264,066.40 annually. Total fraudulent billing over six years is **$1,584,398.40.**

82.  Plaintiffs are informed and believe Defendants division of Trauma persistently seeks payment for traumas brought via ambulance from Los Angeles, Orange, and San Bernadino County when they are not eligible for payment. Multiple Trauma attendings most notably Defendant MICHAEL LEKAWA are routinely away from the hospital when they are supposed to be in the hospital for trauma call according to **EXHIBIT 3Q.**

83.  Plaintiffs are informed and believe Defendants are often not present at UCI even when critical traumas are occurring or prior to starting an emergent operative case. Often attendings will not be at UCIMC when there is no fellow present.

84.  Plaintiffs are informed and believe ACS attempts to get as many traumas as possible activated so that they can get their $14,896 per trauma as per **EXHIBIT 10A.** Many of the "trauma" activated care patients at UCI would be viewed throughout the community ERs as regular (Basic Life Support) BLS patients. ACS additionally upgrades multiple ambulance received BLS patients to activated traumas. If a patient is already evaluated and managed as a trauma at another hospital, the trauma attendings have these patients activated as another trauma at UCI. With 24 traumas / day , this is approximately a cost of $130,488,960 per year or **$782,933,760** over six years.

85.   Plaintiffs are informed and believe many of these patients are sent home the same evening, morning, or afternoon. Many of these patients are drunk and just found asleep in the park. Many of these patients are elderly and were found on the floor at home or observed falling from standing.

86.   Plaintiffs are informed and believe that Defendants plastic surgery attendings do not round on their admitted and/or post surgical patients daily and have their resident physicians perform this for them. Attached is **EXHIBIT 5T, 3M, & 3N** showing GREGORY EVANS is especially an offender since he often goes on multiple trips around the world when he has a postoperative surgical patient in the hospital. Total cost of not rounding per patient is $95.58 (CPT 99233). With six attendings at UCI each with at least two patients in the hospital at all times that is at least $1147 daily, $418641 annually or **$2,511,486** of fraudulent billing for six years.

87.   Plaintiffs are informed and believe that Defendants UCI plastic surgeons routinely unbundle their Free TRAM (transverse rectus abdominus myocutaneous)breast reconstruction surgeries by billing for cpt 19364 in addition to resection of rib (cpt 35761) $2000 and exploration of vessel (cpt 21600) $2230 . Plaintiffs attach **EXHIBIT 5A** showing correct billing practices and showing that surgeons are NOT to bill for resection of rib. The global payment for CPT 19364 already includes the resection

of rib and exploration of the vessel since these two procedures
are already vital portions of a TRAM free flap surgery.
Plaintiffs attach **EXHIBIT 5G-5I** showing the fraudulent
practices. This routine fraudulent practice is called unbundling
and is done by Defedants including GREGORY EVANS, GARRETT WIRTH
KEYIAN PAYDAR and MARK KOBAYASHI. Since Defendants do this on
all of their cases and they have at least at UCI 52 cases a
year, this is an AESTHETIC AND PLASTIC SURGERY INSTITUTE annual
billing of $219,960 and a total six year false claim of
**$1,319,760.**

88. Plaintiffs are informed and believe Defendant MARK KOBAYASHI
also does one additional free TRAM breast reconstruction a week
in his private practice at HOAG MEMORIAL or MISSION HOSPITAL for
another six year false claim of **$1,319,760.**

89.  Plaintiffs are informed and believe Defendants AESTHETIC
AND PLASTIC SURGERY INSTITUTE also routinely and fraudulently
bills for assistant fee under cpt code modifier 82 when multiple
capable resident physicians are scrubbed into the surgery to
assist with the procedure. The amount billed for all three CPT
codes is $5307.50 per surgery. With one surgery a week this is
an annual false claim amount of $275990 or total six year amount
of **$1,655,940.** Plaintiffs attach for reference **EXHIBIT 5B.**

90.  Plaintiffs attach **EXHIBIT 2N** a medical record documenting
Defendant GREGORY EVANS routinely upcodes (fraudulently

increases the amount billed for service performed) his consults by stating he spends more time on the patients than he actually has. Defendant routinely bills his consults as 60 minutes (cpt 99253) $114 when in truth he never sees the patient and the resident spends close to 30 minutes a consultation, a difference of $66. Plaintiffs are informed and believe Defendant performs a consultation a day and defrauds the government $41,862 annually or six year total of **$251,172.**

91.  Plaintiffs attach **EXHIBIT 1I** documenting another fraudulent practice by Defendants AESTHETIC AND PLASTIC SURGERY INSITUTE billing patients for an administrative fee in addition to insurance billing. Plaintiffs are informed and believe Defendants routinely bill all clinic patients an administrative fee $100 for visits already paid for by insurance of. With an estimate of to 250 patients seen a week (50/day in clinic 5 days a week) this is a weekly false claim of $25,000 or $1,300,000 annually. The six year total of false claims is **$7,800,000.**

92.  Plaintiffs are informed and believe Defendant GREGORY EVANS routinely increases the complexity of reconstruction practices to increase the amount Defendant bills. For example a female patient who underwent a skin lesion excision that could have been easily closed primarily was closed with a tissue rearrangement. Dr. James Jakowatz or Nurse Denny witnessed this surgery that further harmed the patient. **EXHIBIT 3M & 3N**

31

document another patient that Defendant put an unnecessary flap on a defect that could have been closed primarily. This lady had terminal cancer, underwent complications and had to undergo multiple days of leech therapy and hospitalization. This is the same patient that was mentioned in regard to Defendants negligent post operative care from him taking trips around the world.

93.  Plaintiffs are informed and believe Defendants continue to submit claims for payment for a renal transplant program that fails to meet the minimum standard of transplant conditions of participation. The reason for failure is that Clarence Foster sporadically would serve tours in Iraq and Afghanistan. During this time, the Defendants failed to hire new staff that could fulfill the significant gaps in care of the renal transplant patients. Plaintiffs attach **EXHIBIT 2Z** documenting how attending unavailability not only limited the amount of transplants but also limited the care of already transplanted patients.

94.  Plaintiffs are informed and believe Defendants REGENTS OF THE UNIVERSITY OF CALIFORNIA receives multiple payments for supposed "Resident Education." Plaintiffs attach **EXHIBIT 7A** where Defendants admit Medicare GME payments of on average $100,000-$300,000 per resident, in addition to Defendant budget **EXHIBIT 7B** documenting Defendant also receives $30,000 from the state of California, payments from the Veteran Affairs, multiple

payments from affiliated hospitals, and payments from medical vendors. Plaintiffs are informed per **EXHIBIT 7E** and believe that these entities under UC Irvine School of Medicine Management is grossly noncompliant with ACGME guidelines as a sponsoring institution and therefore are not eligible for reimbursement. As per **EXHIBIT 7A, 7B & 7C** UCIMC receives at least $130,000 per residents per year of Medicare and State of California reimbursement for 259.3 FTE resident physicians. This equals $33,709,000 for UCI hospital alone. The other associated Defendant hospitals receive fraudulently at least $130,000 per year for the remaining 327.7 FTE resident physicians at $42,601,000. These all combined equals $76,310,000 per year of false claims. Over six years this is **$457,860,000.**

95.   Plaintiffs are informed and believe Defendants resident physicians not only work at one hospital, but multiple hospitals including Long Beach Veterans Affairs, multiple KAISER PERMANENTE Hospitals, LONG BEACH MEMORIAL, MILLER CHILDRENS HOSPITAL, CHILDRENS HOSPITAL ORANGE COUNTY, etc. Additionally the calculations that these joint hospitals makes for Federal and state government payments for DME and IME are especially suspect. Depending on the circumstance that benefits the Defendants most, there are  multiple documented claims about how many residents and fellows it actually has.

96.   Plaintiffs are informed and believe Defendants REGENTS OF THE UNIVERSITY OF CALIFORNIA, LONG BEACH MEMORIAL, KAISER PERMANENTE EL AL. receive payment from the federal and state government based upon how many Full Time Equivalent (FTE) resident physicians they declare as a whole. Plaintiffs attach **EXHIBITS 7A & 7G** documentation submitted by Defendant with FTE numbers ranging from 587 – 680 showing that these numbers are suspicious and likely fraudulent.  Additionally the hospital can receive anywhere from $130,000- $330,000 per FTE. With 93 additional residents each costing $330,000 this is an additional $30,690,000 that the Defendants are Receiving per year. Total over six years is **$184,140,000.**

97. Plaintiffs are informed and believe Defendants residents are paid anywhere from $45-55 thousand dollars and with benefits and fees can cost no more than $65,0000 per resident. $130,000 – $65,000 = $65,000 per resident from Medicare and CA alone. $65,000 X 680 residents = $44,200,000 overpayment from CA and Medicare alone. If the same phenomenon occurs over the 4,100 resident employed by the Regents this totals $500,000,000 per year. Plaintiffs are informed and believe if this practice is done nationwide at every teaching hospital, it is billions of dollars that can be saved every year.

98.   Plaintiffs attach **EXHIBIT 7W** documenting entities that pay Defendants for the services of their residents.

99.  Plaintiffs are informed and believe Defendants defrauds the Plaintiffs by not providing physician training services it is paid for. Please see an additional **EXHIBITS 7E-7F** provided detailing the multiple persistent violations of conditions of participation. Instead of being paid for providing an educational environment UCI has residents provide unsupervised medical services. This the main reason UCIMC is profitable.

100. Plaintiffs are informed and believe Defendants have and continue to defraud the Plaintiffs by billing for resident physicians doing the attending physicians' work **EXHIBITS 1J-3A, 4A-4Q** and working up to 120 hour workweeks or 40 hour shifts as shown in **EXHIBIT 7Z.**

101. Plaintiffs are informed and believe Defendants AESTHETIC AND PLASTIC SURGERY INSTITUTE further obstructs Medicare funded resident physician education by having multiple paid visiting physicians from many countries **EXHIBIT 7E.** GREGORY EVANS charges these visitors to come to UCI. Additionally, GREGORY EVANS solicits money from outside corporations to bring other physicians from other countries to learn in our program **EXHIBIT 7I.** This ultimately detracts from resident physician learning one of Defendants main responsibilities for accepting Plaintiffs' funding.

102. Plaintiffs attach **EXHIBIT 7J** that documents Defendants failure to perform medical education for Federal and State

funded residency education by having residents teach themselves in lecture or rarely teaching the residents in a clinical environment. This lack of education makes Plaintiffs fund primarily a working and/or service experience.

103. Plaintiffs are informed and believe Defendants as documented in spreadsheet **EXHIBIT 7H** of total payments to UCI specifically for the amount of FTE allowed residents of $20,420,792 in 2010. Defendants are thus billing Plaintiffs for fraudulent services. Total six year fraud by UCIMC alone is **$122,524,752.**

104. Plaintiffs are informed and believe that Defendants violations of the Conditions of Participation (COP) lead to the ineligibility of the Defendants in participating in Medicare and Medicaid reimbursement. Thus from 2006 – present, Defendants sought payment for health care services when they were not eligible for reimbursement. As can be seen from **EXHIBIT 1G** from 2007-2009 UCI medical center has received $749,749,000 from government sources. Plaintiffs negligent compliance with COPs caused significant debt to the Plaintiffs for a total of **$1,499,498,000** over six years from government sources alone.

105. As a proximate and direct result of the volition, negligence, reckless and unlawfully claimed services of

**SECOND CAUSE OF ACTION**

(Violations of anti-kickback statute & Political Reform Act)

(As Against Defendants GE HEALTHCARE, ALN MEDICAL MANAGEMENT, HEALTHDATAINSIGHTS, INC., AESTHETIC & PLASTIC SURGERY INSTITUTE, UCI UNIVERSITY PHYSICIANS & SURGEONS, US BANK, THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, LONG BEACH MEMORIAL, MILLER CHILDRENS HOSPITAL LONG BEACH, KAISER PERMANENTE, HOAG MEMORIAL HOSPITAL, CHILDRENS HOSPITAL ORANGE COUNTY, MISSION HOSPITAL, GREGORY EVANS, RUTH EVANS, GARRETT WIRTH, CHRISTINE WIRTH, RAMAN MENON, JOHNATHAN SLONE, THOMAS SCHOLZ, BRIAN MAILEY, KEYIAN PAYDAR,  MARK KOBAYASHI, DANIEL JAFFURS, AL ALY, MATTHEW DOLICH, MICHAEL LEKAWA, CRISTOBAL BARRIOS, MICHAEL STAMOS, GERALD MAGUIRE, RALPH CLAYMAN, CHARLES VEGA, TERRY BELMONT, MARC YUDOFF, MICHAEL DRAKE, PETER SCHNEIDER, CARL SMITH, MARISTELLA, EVANGELISTA, NANCE HOVE, NICOLE BERNAL, KHAN VAN LE-BUCKLIN, NANCY KOEHRING, DIANE GEOCARIS, LISA HAYES SCHWARZ, MARISTELLA EVANGELISTA, ALLERGAN, MEDICIS, STRYKER, BODYTITLE SYSTEMS, SYNTHES, JOHNSON & JOHNSON MENTOR, BARD, KINETIC CONCEPTS, AIR EXPANDER, INTEGRA, ELI LILY, PFIZER, NOVARTIS, MALCOLM ROTH, ROD ROHRICH, JEFFREY KENKEL, AMERICAN SOCIETY OF PLASTIC SURGEONS, ROBERT NOONE, AMERICAN BOARD OF PLASTIC SURGERY, and DOES 1 to 100, InclusiveGE HEALTHCARE, ALN MEDICAL MANAGEMENT, HEALTHDATAINSIGHTS, INC., AESTHETIC & PLASTIC SURGERY INSTITUTE, UCI UNIVERSITY PHYSICIANS & SURGEONS, US BANK, THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, LONG BEACH MEMORIAL, MILLER CHILDRENS HOSPITAL LONG BEACH, KAISER PERMANENTE, HOAG MEMORIAL HOSPITAL, CHILDRENS HOSPITAL ORANGE COUNTY, MISSION HOSPITAL, GREGORY EVANS, RUTH EVANS, GARRETT WIRTH, CHRISTINE WIRTH, RAMAN MENON, JOHNATHAN SLONE, THOMAS SCHOLZ, BRIAN MAILEY, KEYIAN PAYDAR,  MARK KOBAYASHI, DANIEL JAFFURS, AL ALY, MATTHEW DOLICH, MICHAEL LEKAWA, CRISTOBAL BARRIOS, MICHAEL STAMOS, GERALD MAGUIRE, RALPH CLAYMAN, CHARLES VEGA, TERRY BELMONT, MARC YUDOFF, MICHAEL DRAKE, PETER SCHNEIDER, CARL SMITH, MARISTELLA, EVANGELISTA, NANCE HOVE, NICOLE BERNAL, KHAN VAN LE-BUCKLIN, NANCY KOEHRING, DIANE GEOCARIS, LISA HAYES SCHWARZ, MARISTELLA EVANGELISTA, ALLERGAN, MEDICIS, STRYKER, BODYTITLE SYSTEMS, SYNTHES, JOHNSON & JOHNSON MENTOR, BARD, KINETIC CONCEPTS, AIR EXPANDER, INTEGRA, ELI LILY, PFIZER, NOVARTIS, MALCOLM ROTH, ROD ROHRICH, JEFFREY KENKEL, AMERICAN SOCIETY OF PLASTIC SURGEONS, ROBERT NOONE, AMERICAN BOARD OF PLASTIC SURGERY, and DOES 1 to 100, Inclusive)

106. Plaintiffs incorporates Paragraphs 1 through 43 above as though set forth in full herein.

107. Plaintiffs attach **EXHIBIT 8F** from the Defendants REGENTS OF THE UNIVERSITY OF CALIFORNIA stating that Defendants employees are subject to the California Political Reform Act.

108. From January 2000 until present at University of California Medical Center Defendants, and each of them, so volitionally, negligently, carelessly, recklessly and unlawfully accepted gifts in the form of cash payments, sham educational grants, sham research grants, free products, consultant fees, preceptorships, and travel expenses in exchange for the endorsement and use of their product for Plaintiffs enrolled patients.

109. Plaintiffs are informed and believe Defendants MENTOR and ALLERGAN both supply breast implants and tissue expanders for Plaintiffs beneficiaries that undergo breast reconstruction and make payments **EXHIBIT 8B, 7N & 7E** directly to each physician in addition to unrestricted "education" and/or "research" grants **EXHIBIT 8A**. As you can see **EXHIBIT 8C** one of these grants state that they are for a plastic surgery fellowship, however there are no fellowships for plastic surgery present at UCI.

110. Plaintiffs attach **EXHIBIT 8A** of grants that Plaintiffs believe influence Defendants choice in patient care. For example, the Defendant SYNTHES sales representatives were

supporters of our 2010 Holiday Party as well as gave an
unrestricted grant to Defendants GREGORY EVANS and GARRETT
WIRTH. In return, both individuals only use SYNTHES fracture
plating system.

111. Plaintiffs are informed and believe Defendant GREGORY EVANS
is a consultant for KCI and made it mandatory for residents to
do clinical research for KCI instead of working for the Veterans
Affairs hospital clinically or their other clinical rotations.
Defendant GREGORY EVANS removed SEAN DARCY from clinical work on
August 17, 2011 and had him work solely on the KCI research
project as documented in **EXHIBIT 15L**. He thus was using federal
funds to conduct research for KCI. He additionally uses KCI
products for any time he uses a negative pressure dressing for a
wound.

112. Plaintiffs are informed and believe Defendants were
previously using Alloderm by Lifecell in breast reconstruction
surgery. After a dinner in San Francisco with a BARD sales
representative on May 29, 2010 and a supposed "research",
"educational" project and educational event supported by BARD,
Defendants only used BARD's product Allomax routinely. These
products cost on average $5,000 each.

113. Plaintiffs are informed and believe in 2011 Defendants
GREGORY EVANS, GARRETT WIRTH, KEYIAN PAYDAR, AL ALY, and MARK

KOBAYASHI each individually received payments from Defendant **EXIBIT 7N.**

114. Plaintiffs are informed and believe Defendants, AESTHETIC AND PLASTIC SURGERY INSTITUTE also receives exhibitor fees from private vendors as shown in **EXHIBIT 8M** in exchange for allowing these vendors to speak to its resident physicians.

115. Plaintiffs are informed and believe Defendants, AESTHETIC AND PLASTIC SURGERY INSTITUTE institutes a mandatory educational policy that requires resident physicians to attend dinners that are sponsored by vendors **EXHIBIT 14F.** This has exposed the residents into accepting gifts.

116. Plaintiffs are informed and believe that Defendant GREGORY EVANS also misappropriates funds from resident education unrestricted grants to increase his, GARRETT WIRTH, AL ALY, DAN JAFFURS, KEYIAN PAYDAR AND MARK KOBAYASHI's compensation from the REGENTS OF UNIVERSITY OF CALIFORNIA and for personal trips around the world. Many of these trips are taken during scheduled work days.

116. Plaintiffs are informed and believe that Defendant GREGORY EVANS is often paid for his flying to other locations and does not report this to the REGENTS OF THE UNIVERSITY OF CALIFORNIA. GREGORY EVANS often boasts of his United Million Miles status.

117. Plaintiffs attach **EXHIBIT 1B** the following faculty meeting documentation of industry gifts to UCI Plastic Surgery in

41

exchange for multiple clinical concessions.

118. Plaintiffs are informed and believe that Defendant DAN JAFFURS has accepted a multiple thousand dollar edition of Plastic Surgery by Stephen Mathes in exchange for using the Stryker plating system. He has also accepted gifts of meals, travel, etc. He verbally confirmed that to all residents.

119. The INTEGRA representative Manny Duran paid for our graduation and for multiple festivities including a graduation celebration for Defendants AESTHETIC & PLASTIC SURGERY INSTITUTE as recent at June 26th, 2010 at the Balboa Country Club in Newport Beach.

120.  As a proximate and direct result of the volition, negligence, careless, reckless and unlawfully claimed of Defendants, and each of them, Plaintiffs sustained and in the future will continue sustaining significant monetary losses.

## **THIRD CAUSE OF ACTION**

(For Violations of Physician Self Referral Law)

(As Against Defendants GE HEALTHCARE, ALN MEDICAL MANAGEMENT, HEALTHDATAINSIGHTS, INC., AESTHETIC & PLASTIC SURGERY INSTITUTE, UCI UNIVERSITY PHYSICIANS & SURGEONS, US BANK, THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, LONG BEACH MEMORIAL, MILLER CHILDRENS HOSPITAL LONG BEACH, KAISER PERMANENTE, HOAG MEMORIAL HOSPITAL, CHILDRENS HOSPITAL ORANGE COUNTY, MISSION HOSPITAL, GREGORY EVANS, RUTH EVANS, GARRETT WIRTH, CHRISTINE WIRTH, RAMAN MENON, JOHNATHAN SLONE, THOMAS SCHOLZ, BRIAN MAILEY, KEYIAN PAYDAR,  MARK KOBAYASHI, DANIEL JAFFURS, AL ALY, MATTHEW DOLICH, MICHAEL LEKAWA, CRISTOBAL BARRIOS, MICHAEL STAMOS, GERALD MAGUIRE, RALPH CLAYMAN, CHARLES VEGA, TERRY BELMONT, MARC YUDOFF, MICHAEL DRAKE, PETER SCHNEIDER, CARL SMITH, MARISTELLA, EVANGELISTA, NANCE HOVE, NICOLE BERNAL, KHAN VAN LE-BUCKLIN, NANCY KOEHRING, DIANE GEOCARIS, LISA HAYES SCHWARZ, MARISTELLA EVANGELISTA, ALLERGAN, MEDICIS, STRYKER, BODYTITLE SYSTEMS, SYNTHES, JOHNSON & JOHNSON MENTOR, BARD, KINETIC CONCEPTS, AIR EXPANDER, INTEGRA, ELI LILY, PFIZER, NOVARTIS, MALCOLM ROTH, ROD ROHRICH, JEFFREY KENKEL, AMERICAN SOCIETY OF PLASTIC SURGEONS, ROBERT NOONE, AMERICAN BOARD OF PLASTIC SURGERY, and DOES 1 to 100, Inclusive)

120.  Plaintiffs incorporates Paragraphs 1 through 104 above as though set forth in full herein.

121.  From January 2000 until present at University of California Medical Center Defendants, and each of them, so volitionally, negligently, carelessly, recklessly and unlawfully referred patients for services and reimbursement to providers that shared mutual interest in salary determination for the Plaintiffs so as to cause significant debt to the Plaintiffs and to proximately cause the damages hereinafter described.

122. Plaintiffs attach **EXHIBITS 2D, 2N, 2Q, 2U, 3A, 9B-9R** documents that the Department of Surgery bills for multiple

43

intradepartmental consults (in the same department) inflating the billable revenue from government sources.

123. Defendants do this fully aware that this violates to self referral laws. They were explicitly informed this multiple times. The last information session occurred in 2011 during a department of Surgery meeting on Thursday morning in which Marion Mallory repeated that doing this is fraudulent.

124. Multiple attending physicians expressed disgust and continued the self referrals.

125. For example the Defendants of ACS will consult Cardiothoracic Surgery, Colorectal Surgery, Vascular Surgery and each consultation will be separately billed. Reimbursement will go to the same pool of money in the Department of Surgery.

126. Plaintiff and Relator, SEAN DARCY, completed at least twenty one referral consultations. Plaintiffs are informed and believed the consultations were billed at least at CPT code 99253 for $114.69. With approximately 587 resident physicians each doing an equal amount of self referral consultations, this would equal 12,327 self referrals. Six year self referral total is **$1,413,783.63**.

127.  As a proximate and direct result of the volition, negligence, careless, reckless and unlawfully claimed services of Defendants, and each of them, Plaintiffs sustained and in the future will continue sustaining significant monetary losses.

**FOURTH CAUSE OF ACTION**

(VIOLATIONS of Conditions of Participation & Local Requirements)

(As Against Defendants GE HEALTHCARE, ALN MEDICAL MANAGEMENT, HEALTHDATAINSIGHTS, INC., AESTHETIC & PLASTIC SURGERY INSTITUTE, UCI UNIVERSITY PHYSICIANS & SURGEONS, US BANK, THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, LONG BEACH MEMORIAL, MILLER CHILDRENS HOSPITAL LONG BEACH, KAISER PERMANENTE, HOAG MEMORIAL HOSPITAL, CHILDRENS HOSPITAL ORANGE COUNTY, MISSION HOSPITAL, GREGORY EVANS, RUTH EVANS, GARRETT WIRTH, CHRISTINE WIRTH, RAMAN MENON, JOHNATHAN SLONE, THOMAS SCHOLZ, BRIAN MAILEY, KEYIAN PAYDAR, MARK KOBAYASHI, DANIEL JAFFURS, AL ALY, MATTHEW DOLICH, MICHAEL LEKAWA, CRISTOBAL BARRIOS, MICHAEL STAMOS, GERALD MAGUIRE, RALPH CLAYMAN, CHARLES VEGA, TERRY BELMONT, MARC YUDOFF, MICHAEL DRAKE, PETER SCHNEIDER, CARL SMITH, MARISTELLA, EVANGELISTA, NANCE HOVE, NICOLE BERNAL, KHAN VAN LE-BUCKLIN, NANCY KOEHRING, DIANE GEOCARIS, LISA HAYES SCHWARZ, MARISTELLA EVANGELISTA, ALLERGAN, MEDICIS, STRYKER, BODYTITLE SYSTEMS, SYNTHES, JOHNSON & JOHNSON MENTOR, BARD, KINETIC CONCEPTS, AIR EXPANDER, INTEGRA, ELI LILY, PFIZER, NOVARTIS, MALCOLM ROTH, ROD ROHRICH, JEFFREY KENKEL, AMERICAN SOCIETY OF PLASTIC SURGEONS, ROBERT NOONE, AMERICAN BOARD OF PLASTIC SURGERY, and DOES 1 to 100, Inclusive)

128.   Plaintiffs incorporates Paragraphs 1 through 105 above as though set forth in full herein.

129.   From January 2006 until present at University of California Medical Center Defendants, and each of them, so volitionally, negligently, carelessly, recklessly and unlawfully failed to comply with Federal Health Conditions of Participation and California Health Code as attached in **EXHIBIT 1H & 3Q**.

130. Plaintiffs are informed and believe that UCI patients were evaluated, diagnosed, and treated by only resident physicians

and fellows with no attending surgeon presence. This system increased the likelihood that these patients were recipients of harm through errors of diagnosis, management and/or treatment.

131. As a proximate and direct result of the volition, negligence, careless, reckless and unlawfully claimed of Defendants, and each of them, Plaintiffs sustained and in the future will continue sustaining significant monetary losses related to treatment of complications related to errors of less experienced physicians. More egregious is that beneficiaries of the Plaintiffs sustained significant injuries and deaths.

## FIFTH CAUSE OF ACTION

(Retaliation of protected activity)

(As Against Defendants GE HEALTHCARE, ALN MEDICAL MANAGEMENT, HEALTHDATAINSIGHTS, INC., AESTHETIC & PLASTIC SURGERY INSTITUTE, UCI UNIVERSITY PHYSICIANS & SURGEONS, US BANK, THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, LONG BEACH MEMORIAL, MILLER CHILDRENS HOSPITAL LONG BEACH, KAISER PERMANENTE, HOAG MEMORIAL HOSPITAL, CHILDRENS HOSPITAL ORANGE COUNTY, MISSION HOSPITAL, GREGORY EVANS, RUTH EVANS, GARRETT WIRTH, CHRISTINE WIRTH, RAMAN MENON, JOHNATHAN SLONE, THOMAS SCHOLZ, BRIAN MAILEY, KEYIAN PAYDAR,  MARK KOBAYASHI, DANIEL JAFFURS, AL ALY, MATTHEW DOLICH, MICHAEL LEKAWA, CRISTOBAL BARRIOS, MICHAEL STAMOS, GERALD MAGUIRE, RALPH CLAYMAN, CHARLES VEGA, TERRY BELMONT, MARC YUDOFF, MICHAEL DRAKE, PETER SCHNEIDER, CARL SMITH, MARISTELLA, EVANGELISTA, NANCE HOVE, NICOLE BERNAL, KHAN VAN LE-BUCKLIN, NANCY KOEHRING, DIANE GEOCARIS, LISA HAYES SCHWARZ, MARISTELLA EVANGELISTA, ALLERGAN, MEDICIS, STRYKER, BODYTITLE SYSTEMS, SYNTHES, JOHNSON & JOHNSON MENTOR, BARD, KINETIC CONCEPTS, AIR EXPANDER, INTEGRA, ELI LILY, PFIZER, NOVARTIS, MALCOLM ROTH, ROD ROHRICH, JEFFREY KENKEL, AMERICAN SOCIETY OF PLASTIC SURGEONS, ROBERT NOONE, AMERICAN BOARD OF PLASTIC SURGERY, and DOES 1 to 100, Inclusive)

132. Plaintiffs incorporates Paragraphs 1 through 131 of the paragraphs above as though set forth in full herein.

133. Plaintiff SEAN DARCY engaged in protected activity at UC Irvine since June 2008.

134. Defendants and each of them had direct knowledge of Plaintiff SEAN DARCY's protected activity. Plaintiffs believe Defendant GREGORY EVANS became aware of the whistleblower activities in November 2008 through direct email.

135. Plaintiffs are informed and believe starting in November 2008 until present at UCI Medical Center, Defendants, and each of them, so negligently, carelessly, recklessly and unlawfully

47

retaliated against Plaintiff SEAN DARCY after learning of Plaintiff SEAN DARCY's protected activity so as to intentionally harm Plaintiff and to proximately cause the injuries and damages hereinafter described.

136. Plaintiffs are informed and believe that Defendant GREGORY EVANS retaliated against Plaintiff SEAN DARCY by denying his entitled time off for a family occasion in summer 2009 after Plaintiff gave two notifications of working safety and condition violations, after Plaintiff initially refused to present a research paper involved with billing fraud and refused to place Defendant GREGORY EVANS as senior author on another project.

137. Plaintiffs attach **EXHIBIT 15A & 15B** a disclosure of investigation by State of California Department of Industrial Relations Division of Labor Standard Enforcement, respectively.

138. Plaintiffs are informed and believe that Plaintiff DILIP DEY engaged in protected activity at UC Irvine since April 2011.

139. Plaintiffs are informed and believe that Defendants had direct knowledge of Plaintiff DILIP DEY's protected activity.

140. Plaintiffs are informed and believe that from April 2011 until present at UCI Medical Center, Defendants, and each of them, so unlawfully retaliated against Plaintiff DILIP DEY after learning of Plaintiff's protected activity so as to intentionally harm Plaintiff and to proximately cause the injuries and damages hereinafter described.

141.   As a proximate and direct result of the negligence, recklessness and carelessness of Defendants, and each of them, Plaintiffs, SEAN DARCY & DILIP DEY sustained and in the future will sustain disabling, serious and permanent injuries, pain and suffering and mental anguish in connection therewith, including but not limited to breach of contract, defamation and the future loss of income from Plaintiff's occupation.

142.   As a further direct and proximate result of the negligence, recklessness and carelessness of Defendants, and each of them, Plaintiffs, SEAN DARCY & DILIP DEY incurred medical and sundry expenses in the examination, care and treatment of their injuries, the exact nature and extent of which are unknown to Plaintiff at this time.

143.   As a further direct and proximate result of the accident with Defendants and each of them, Plaintiffs, SEAN DARCY & DILIP DEY, has suffered loss of income and earning capacity, the exact nature of which are unknown to Plaintiff at this time.

## SIXTH CAUSE OF ACTION

(For Conspiracy to interfere with civil rights)

(As Against Defendants GE HEALTHCARE, ALN MEDICAL MANAGEMENT, HEALTHDATAINSIGHTS, INC., AESTHETIC & PLASTIC SURGERY INSTITUTE, UCI UNIVERSITY PHYSICIANS & SURGEONS, US BANK, THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, LONG BEACH MEMORIAL, MILLER CHILDRENS HOSPITAL LONG BEACH, KAISER PERMANENTE, HOAG MEMORIAL HOSPITAL, CHILDRENS HOSPITAL ORANGE COUNTY, MISSION HOSPITAL, GREGORY EVANS, RUTH EVANS, GARRETT WIRTH, CHRISTINE WIRTH, RAMAN MENON, JOHNATHAN SLONE, THOMAS SCHOLZ, BRIAN MAILEY, KEYIAN PAYDAR, MARK KOBAYASHI, DANIEL JAFFURS, AL ALY, MATTHEW DOLICH, MICHAEL LEKAWA, CRISTOBAL BARRIOS, MICHAEL STAMOS, GERALD MAGUIRE, RALPH CLAYMAN, CHARLES VEGA, TERRY BELMONT, MARC YUDOFF, MICHAEL DRAKE, PETER SCHNEIDER, CARL SMITH, MARISTELLA, EVANGELISTA, NANCE HOVE, NICOLE BERNAL, KHAN VAN LE-BUCKLIN, NANCY KOEHRING, DIANE GEOCARIS, LISA HAYES SCHWARZ, MARISTELLA EVANGELISTA, ALLERGAN, MEDICIS, STRYKER, BODYTITLE SYSTEMS, SYNTHES, JOHNSON & JOHNSON MENTOR, BARD, KINETIC CONCEPTS, AIR EXPANDER, INTEGRA, ELI LILY, PFIZER, NOVARTIS, MALCOLM ROTH, ROD ROHRICH, JEFFREY KENKEL, AMERICAN SOCIETY OF PLASTIC SURGEONS, ROBERT NOONE, AMERICAN BOARD OF PLASTIC SURGERY, and DOES 1 to 100, Inclusive)

144. Plaintiffs incorporates Paragraphs 1 through 143 above as though set forth in full herein.

145. From June 2008 until present at UCIMC Defendants, and each of them, so volitionally, and unlawfully conspired to violate Plaintiffs SEAN DARCY & DILIP DEY's aforementioned civil rights so as to cause significant injury & debt to the Plaintiffs and to proximately cause the damages hereinafter described.

146. As a proximate and direct result of the negligent, and unlawful acts of Defendants, and each of them, Plaintiffs sustained and in the future will continue sustaining significant physical injuries and monetary losses.

50

## SEVENTH CAUSE OF ACTION

(For Conspiracy to Commit False Claims, Receive kickbacks,
Violate Self Referral Laws and to Obstruct Justice)

(As Against Defendants GE HEALTHCARE, ALN MEDICAL MANAGEMENT,
HEALTHDATAINSIGHTS, INC., AESTHETIC & PLASTIC SURGERY INSTITUTE,
UCI UNIVERSITY PHYSICIANS & SURGEONS, US BANK, THE REGENTS OF
THE UNIVERSITY OF CALIFORNIA, LONG BEACH MEMORIAL, MILLER
CHILDRENS HOSPITAL LONG BEACH, KAISER PERMANENTE, HOAG MEMORIAL
HOSPITAL, CHILDRENS HOSPITAL ORANGE COUNTY, MISSION HOSPITAL,
GREGORY EVANS, RUTH EVANS, GARRETT WIRTH, CHRISTINE WIRTH, RAMAN
MENON, JOHNATHAN SLONE, THOMAS SCHOLZ, BRIAN MAILEY, KEYIAN
PAYDAR,  MARK KOBAYASHI, DANIEL JAFFURS, AL ALY, MATTHEW DOLICH,
MICHAEL LEKAWA, CRISTOBAL BARRIOS, MICHAEL STAMOS, GERALD
MAGUIRE, RALPH CLAYMAN, CHARLES VEGA, TERRY BELMONT, MARC
YUDOFF, MICHAEL DRAKE, PETER SCHNEIDER, CARL SMITH, MARISTELLA,
EVANGELISTA, NANCE HOVE, NICOLE BERNAL, KHAN VAN LE-BUCKLIN,
NANCY KOEHRING, DIANE GEOCARIS, LISA HAYES SCHWARZ, MARISTELLA
EVANGELISTA, ALLERGAN, MEDICIS, STRYKER, BODYTITLE SYSTEMS,
SYNTHES, JOHNSON & JOHNSON MENTOR, BARD, KINETIC CONCEPTS, AIR
EXPANDER, INTEGRA, ELI LILY, PFIZER, NOVARTIS, MALCOLM ROTH, ROD
ROHRICH, JEFFREY KENKEL, AMERICAN SOCIETY OF PLASTIC SURGEONS,
ROBERT NOONE, AMERICAN BOARD OF PLASTIC SURGERY, and DOES 1 to
100, Inclusive)

147. Plaintiffs incorporate Paragraphs 1 through 146 above as
though set forth in full herein.

148. From January 2002 until present Defendants, and each of
them, so volitionally, negligently, carelessly, recklessly and
unlawfully conspired to claim services not provided under rules
and regulations of reimbursement for the Plaintiffs so as to
cause significant debt to the Plaintiffs and to proximately
cause the damages previously and hereinafter described.

149. From June 2008 until present Defendants, and each of them,
so volitionally, negligently, and unlawfully conspired to

obstruct justice and retaliate against Plaintiffs SEAN DARCY and

DILIP DEY for speaking, raising concerns to colleagues and

supervisors and/or reporting Improper Governmental Activities so

as to cause significant debt to the Plaintiffs and to

proximately cause the damages hereinafter described.

150. As a proximate and direct result of the volition,

negligence, careless, reckless and unlawfully claimed of

Defendants, and each of them, Plaintiffs sustained and in the

future will continue sustaining significant monetary losses.

## VI. **REQUEST FOR RELIEF**

151. WHEREFORE, Plaintiffs,  pray for judgment against the

Defendants, and each of them, as follows:

    1.  For general damages in an amount according to proof;

    2.  For special damages for medical and sundry expenses,

according to proof;

    3.  For loss of earnings and earning capacity, according to

proof;

    4.  For costs of suit incurred herein; and

    5.  For such other and further relief as the court may deem

just and proper.

## VII.  DEMAND FOR JURY TRIAL

Plaintiffs hereby request a jury trial on all issues raised in this complaint.

DATED: March 20, 2012

By:

Sean Darcy, M.D.

Dilip Dey, Ph.D.

Plaintiffs in pro per